UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HARLEY MILNE,

    Plaintiff,

    v.

SEARS HOLDINGS CORPORATION,

    Defendant.

Case No. 15-cv-05551-JST

**ORDER DENYING DEFENDANT SEARS HOLDINGS CORPORATION'S MOTION TO DISMISS**

Re: ECF No. 25

Before the Court is Defendant Sears Holdings Corporation's Motion to Dismiss the Complaint. ECF No. 25. The Court denies the motion.

## I. BACKGROUND[1]

Plaintiff Harley Milne filed a Complaint against Defendants Sears Holding Corporation ("Sears") and HireRight, LLC ("HireRight"), alleging violations of the Fair Credit Reporting Act ("FCRA"). ECF No. 1 ¶¶ 68–73. Plaintiff's claims arise from an employment-related background check performed by HireRight on behalf of Sears.

On April 30, 2015, Sears offered Plaintiff full-time employment as Senior Director of eCommerce Operations. Id. ¶ 19. The offer was "contingent on [Plaintiff's] successful completion of a background check." Id. ¶ 20. On or about May 6, 2015, Sears requested that HireRight perform a background check on Plaintiff. Id. ¶ 23. HireRight completed the background check on May 14, 2015 and set Plaintiff's "Adjudication Status"[2] as "Does Not Meet Company Standards -- Education Report, Criminal Felony & Misdemeanor" on May 15, 2015. Id.

---

[1] For the purposes of this order, the Court accepts as true all of the well-pleaded factual allegations contained in Plaintiff's Complaint, ECF No. 1. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

[2] According to the Complaint, "[a]n adjudication status is a determination made by the consumer reporting agency of whether the subject of a background report meets the pre-determined employment criteria set by the user of the report." ECF No. 1 ¶ 24.

¶¶ 23, 25.

On May 15, 2015, "[b]ased on HireRight's adjudication, . . . Karen Lee, a Sears employee located at corporate headquarters in Illinois, contacted Plaintiff via telephone to tell him that Sears was unwilling to honor the job offer it had previously extended [him]." Id. ¶ 26. "During that phone call, Plaintiff asked Ms. Lee to identify the exact reason that Sears was withdrawing his job offer. In response, Ms. Lee told Plaintiff that she was unable to give Plaintiff more specific information and that he should contact HireRight for further information." Id. ¶ 27.

Three days later, on May 18, 2015, Sears sent Plaintiff a copy of his background report, which Plaintiff alleges incorrectly adjudicated Plaintiff as "Does Not Meet Company Standards—Education Report, Criminal Felony & Misdemeanor." Id. ¶¶ 31, 33; ECF No. 1-2 at 7. Plaintiff alleges that he does not have a criminal record. ECF No. 1 ¶ 34. Plaintiff further alleges that "HireRight reported that it was 'Unable to Verify' Plaintiff's degree from [Almeda] University," despite the fact that HireRight "never actually attempted to verify the degree." Id. ¶ 35.

Later on May 18, 2015, Plaintiff submitted a dispute to HireRight via HireRight's online dispute form. Id. ¶ 37. On May 19, 2015, Plaintiff submitted to HireRight a copy of his Almeda University diploma and "authenticated and notarized documents from the Department of State that proved that Plaintiff had received a degree from Almeda University." Id. ¶ 39; see also ECF No. 1-3.

On May 27, 2015, Plaintiff received a letter from Sears stating that Sears was "unable to offer [him] employment." ECF No. 1 ¶ 41; ECF No. 1-5 at 1. Sears stated that its "decision was based in whole or in part on information contained in a [background] report from HireRight . . . ." Id.

On June 14, 2015, Plaintiff sent a letter to Sears' Human Resources Department stating that he "did not wish to abandon the application process" and had "disputed the report with HireRight . . . ." ECF No. 1 ¶ 42; ECF No. 1-6. Plaintiff continued to contact HireRight in an attempt to correct the alleged errors in his background report. ECF No. 1 ¶ 43–47. On June 23, 2015, HireRight emailed Plaintiff to explain that "[p]er HireRight's guidelines we are unable to contact unaccredited schools," such as Almeda University. Id. ¶ 46; see also ECF No. 1-10.

1  "Despite Plaintiff's dispute, HireRight failed to consider the evidence of Plaintiff's education
2  presented by Plaintiff, instead refusing to contact the educational institution from which Plaintiff
3  had received his degree simply because the institution was [allegedly] unaccredited . . . ."  Id. ¶ 47.
4      On December 4, 2015, Plaintiff filed this action, asserting two claims against HireRight[3]
5  and a single claim against Sears under the FCRA.  Id. ¶¶ 68–73.  On February 18, 2016, Sears
6  filed a motion to dismiss, ECF No. 25, which motion the Court now considers.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. MOTION TO DISMISS

### A.  Legal Standard

On a motion to dismiss, the court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 687.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

---

[3] On February 29, 2016, Plaintiff filed a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) regarding his claims against HireRight.  ECF No. 31.

United States District Court
Northern District of California

### B. Discussion

#### i. Failure to Provide Pre-Adverse Action Notice

Plaintiff's sole claim against Sears alleges that Sears violated the FCRA by "negligently and willfully failing to" provide him with pre-adverse action notice as required by 15 U.S.C. § 1681(b)(3). Id. ¶¶ 72–73. Under the FCRA, "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter . . . ." 15 U.S.C. § 1681b(b)(3)(A); Moore v. Rite Aid Headquarters Corp., No. 13-cv-1515, 2015 WL 3444227, at *4 (E.D. Pa. May 29, 2015) ("Section 1681b(b)(3)(A) thus requires an employer to provide job applicants with their background report, summary of rights, and a 'real opportunity' to contest the contents of the background report before the employer relies on the report to take an adverse action against the applicant."). The FCRA defines an "adverse action" to include "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

Plaintiff alleges that Sears failed to provide him with pre-adverse action notice because Sears' representative, Ms. Lee, told Plaintiff via telephone "that Sears was unwilling to honor [Plaintiff's] job offer" three days before Sears sent Plaintiff a copy of his background report. ECF No. 1 ¶ 26 (Plaintiff's telephone call with Ms. Lee occurred on May 15, 2015); Id. ¶ 31 (HireRight did not send Plaintiff a copy of his report until May 18, 2015); see also ECF No. 1-2. Sears argues that Ms. Lee's telephone conversation with Plaintiff did not constitute an adverse action because "[t]he only plausible conclusion from the Complaint is that Ms. Lee telephoned Plaintiff to inform him that Sears *intended* to withdraw his conditional offer but that she could not give him any further information because the decision was not final and the FCRA process still needed to play out." ECF No. 25 at 8 (emphasis in original).

In the Ninth Circuit, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only

4

when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible." Starr, 652 F.3d at 1216 (emphasis in original).  Here, the Court concludes that Plaintiff plausibly states a claim for relief under the FCRA because Sears' plausible alternative explanation of the facts is not "so convincing that [P]laintiff's [alternative] explanation is *im*plausible." Id. (emphasis in original).

The Complaint alleges: "Based on HireRight's adjudication, [on May 15, 2016] [Ms.] Lee, a Sears employee located at corporate headquarters, contacted Plaintiff via telephone to tell him that Sears was unwilling to honor the job offer it had previously extended [to him]. . . . During that phone call, Plaintiff asked Ms. Lee to identify the exact reason that Sears was withdrawing his job offer.  In response, Ms. Lee told Plaintiff that she was unable to give Plaintiff more specific information and that he should contact HireRight for further information." ECF No. 1 ¶¶ 23, 26, 27.  These allegations plausibly plead that Sears took an adverse action against Plaintiff on May 15, 2016 by withdrawing his offer of employment. See 15 U.S.C. § 1681a(k)(1)(B)(ii) (defining "adverse action" to include "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee.").  Nothing in the Complaint suggests, let alone requires the Court to conclude, that Ms. Lee's telephone conversation with Plaintiff constituted a mere communication of an intent to withdraw the job offer.  Accordingly, the Court holds that Plaintiff has plausibly stated a claim that Ms. Lee's telephone call to Plaintiff constituted an adverse action prior to Plaintiff's receiving notice of his background report in violation of the FCRA.[4]

---

[4] The Court also rejects Sears' argument that Plaintiff "fails to allege sufficient facts that the decision [to withdraw Plaintiff's job offer] was based in whole or in part on his background check," as is required for a claim under 15 U.S.C. § 1681b(b)(3)(A). ECF No. 25 at 9.  The Complaint alleges that Ms. Lee called Plaintiff to withdraw his job offer on May 15, 2015, the same day that HireRight set Plaintiff's Adjudication Status as "Does Not Meet Company Standards -- Education Report, Criminal Felony & Misdemeanor." ECF No. 1 ¶¶ 23, 25–26.  Moreover, the Complaint alleges that Ms. Lee "told Plaintiff that she was unable to give Plaintiff more specific information [as to the reasons for withdrawing the job offer] and that he should contact HireRight for further information." Id. ¶ 27.  Finally, the letter that Sears sent to Plaintiff on May 27, 2015, stated that Sears would be unable to offer Plaintiff employment "based in whole or in part on information contained in a report from HireRight." ECF No. 1 ¶41.  Based on these allegations, the Court concludes that it is reasonable to infer that Sears' decision to withdraw the job offer on May 15, 2015 was based in whole or in part on Plaintiff's background check.

### ii. Willful and/or negligent conduct

The FCRA imposes civil liability on a defendant who negligently or willfully fails to comply with any requirement imposed under the FCRA. Banga v. Experian Info. Sols., Inc., No. 09-cv-04867-SBA, 2013 WL 5539690, at *6 (N.D. Cal. Sept. 30, 2013) (citing 15 U.S.C. §§ 1681n, 1681o); see also Smith v. Sears, Roebuck & Co., 276 F. Supp. 2d 603, 609 (S.D. Miss. 2003) ("[T]he FCRA plainly does not impose any form of strict liability, but rather imposes liability only for negligent noncompliance with the Act and allows for enhanced penalties for willful violations."). Sears argues that even assuming "that Plaintiff established a violation of the FCRA, Plaintiff still fails to state a claim under the FCRA because he insufficiently alleged willful and negligent conduct." ECF No. 25 at 11.

"To prove a willful violation, a consumer must prove that [the defendant] either knowingly or recklessly violated the requirements of the Act." Banga, 2013 WL 5539690, at *6 (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 56–57 (2007)). Here, Plaintiff does not argue that Sears "recklessly" violated the FCRA. ECF No. 36 at 15–16. Rather, Plaintiff argues that Sears "knowingly" violated the FCRA. Id.

Plaintiff specifically alleges that Sears "was aware of the requirements of [the FCRA]" and had "previously certified to HireRight that it would comply with [the FCRA]." ECF No. 1 ¶¶ 64–65. Plaintiff further alleges that "Sears and its subsidiaries have also been sued previously for violations of the FCRA related to their use of consumer reports for employment purposes." Id. ¶ 66. On a motion to dismiss under Rule 12(b)(6), "assertions that a defendant was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal." Singleton v. Domino's Pizza, LLC, No. 11-cv-1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012); see also Hawkins v. S2Verify LLC, No. 15-cv-03502-WHA, 2016 WL 107197, at *3 (N.D. Cal. Jan. 11, 2016) (finding willfulness sufficiently pleaded with respect to an FCRA claim where plaintiff alleged defendant "was well aware that it was subject to the mandates and requirements of the FCRA and knew or should have known about its legal obligations under the FCRA"). Accordingly, the Court concludes that Plaintiff adequately

alleges that Sears willfully violated the FCRA under 15 U.S.C. § 1681n.[5]

Plaintiff also plausibly states a claim that Sears negligently violated the FCRA. Under 15 U.S.C. § 1681o, "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] is liable to that consumer in an amount equal to the sum of . . . (1) any actual damages sustained by the consumer as a result of the failure; and (2) . . . the costs of the action together with reasonable attorney's fees . . . ." Sears argues that "Plaintiff's negligence theory fails because he does not plead actual damages plausibly resulting from Sears' alleged non-compliance." ECF No. 25 at 18.

The Court disagrees. Plaintiff alleges that, as a result of Sears' violation of the FCRA (1) he "was unemployed for six months despite his best efforts to find employment"; (2) he suffered emotional and financial distress; and (3) he "continues to suffer damages as his new employment does not provide a compensation and benefits package on par with what he would have received from Sears." ECF No. 1 ¶¶ 53–56. These injuries plausibly resulted from Sears' alleged violation of the FCRA because had Sears given Plaintiff his background report prior to taking adverse action against Plaintiff, it is certainly plausible that he would have been able to correct the alleged mistakes in that report or otherwise explain to Sears any deficiencies in the report. Plaintiff need not prove at this stage that he suffered actual injury. Rather, Plaintiff need only plausibly allege that he suffered actual injury as a result of Sears' violation of the FCRA.

The Court concludes that Plaintiff plausibly alleges that he suffered actual damages as

---

[5] Sears argues that "it was neither objectively unreasonable nor involving an unjustifiably high risk of violating the FCRA for Sears to interpret the statute as permitting the formation of an intent to withdraw an offer and communicate that intent before mailing the pre-adverse action notice." ECF no. 25 at 12. This argument is at best premature, because a factfinder has not yet determined whether Ms. Lee's telephone call with Plaintiff constituted an "intent to withdraw an offer," as Sears claims, or a withdrawal of an offer, as Plaintiff alleges. If the latter, Sears does not argue that it would be reasonable to interpret the FCRA to allow for the withdrawal of an offer of employment based on a background report prior to notice of the background report. Ultimately, the Court cannot decide this issue at the pleading stage because "[t]he reasonableness of the procedures and whether [a defendant] followed them will be jury questions in the overwhelming majority of cases." Hawkins, 2016 WL 107197, at *3 (quoting Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995)).

1  result of Sears' alleged failure to comply with the FCRA.  As a result, Plaintiff has sufficiently
2  pleaded that Sears' failure to comply with the FCRA was negligent.

**CONCLUSION**

Plaintiff has plausibly alleged that Sears violated the FCRA by failing to provide Plaintiff with pre-adverse action notice of his background report.  Further, Plaintiff has plausibly alleged that Sears' violation of the FCRA was willful and/or negligent.  Accordingly, the Court denies Sears' Motion to Dismiss Plaintiff's Complaint.

IT IS SO ORDERED.

Dated:  April 26, 2016

_____
JON S. TIGAR
United States District Judge